DVM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ANN M. COTE**
Plaintiff

v. C.A. NO. CA 08 335S

**FM GLOBAL,**
**FM APPROVALS, LLC &**
**FACTORY MUTUAL INSURANCE COMPANY**
Defendants

## COMPLAINT

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **ANN M. COTE** (hereinafter "Plaintiff" or "COTE") against **FM GLOBAL, FM APPROVALS, LLC & FACTORY MUTUAL INSURANCE COMPANY** (hereinafter "Defendants" or "Employer") in order to remedy and seek relief for sexual harassment and discrimination based on gender, and retaliation in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's principal place of business: 1301 Atwood Avenue, Johnston, RI 02919.

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendants at their Rhode Island facility, but for the Defendants' unlawful practices.

4. On or about January 1, 2008 Cote filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been subjected to a hostile work environment, had been discriminated against on the basis of her gender and been retaliated against—RICHR #08 ESH 168-34/22; EEOC #16J-2008-00085.

5. The RIHRC and the EEOC subsequently issued Notice of Right To Sue. (Attachment A&B.)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

**THE PARTIES**

7. The Plaintiff, Ann M. Cote ("Cote" or "Plaintiff"), an individual, is a resident of the town of Greenville, Rhode Island.

8. Plaintiff Cote is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, FM Global ("Defendant" or "the Employer"), is a domestic corporation with an executive office in Johnston, Rhode Island, and operates for the purpose of property loss preventions and research testing. of the track-based gaming business, video lottery terminals, entertainment, food and beverage. Upon information and belief, FM Globals LLC. is also a domestic corporation, operating for the same purpose. Both Defendants have a principal place of business located at 1301 Atwood Ave., Johnston, RI.

10. Defendants are sufficiently joined in terms of corporate ownership, direction and control to be considered jointly and severally liable for the purposes of this action.

11. At all times material to the allegations of this Complaint, Defendants have continuously, and do now, employ at least 100 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, the Defendants were and are an "Employer" or otherwise come within the provisions of federal and state statutes pertinent to this action, including the RIFEPA, Title VII, the Rhode Island Civil Rights Act, and any other pertinent statutes.

14. Cote is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendants were an Employer or were otherwise subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

## FACTS APPLICABLE TO EACH COUNT

16. Cote is a female.

17. Cote worked for the Defendants for approximately 14 years.

18. Cote established an exemplary performance record, meeting or exceeding the Employer's legitimate expectations.

19. On or about November 27, 2007, Cote was compelled to relinquish her employment after experiencing a hostile work environment.

20. The Employer failed to remediate the hostile work environment of which Cote complained.

21. The Employer retaliated against for asserting her right to a lawful work environment by suspending her and falsely accusing her of wrongdoing in the workplace.

22. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender, and have retaliated against the Plaintiff for reporting what she reasonably perceived to be misconduct in the workplace.

23. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender.

24. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of Defendants, with respect to the allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

25. The wrongful actions by Defendants that Cote complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**AS TO ALL DEFENDANTS**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRUCTIVE TERMINATION**
**AND RETALIATION BASED ON GENDER**
**RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

26. Paragraphs 1-25, above, are herein incorporated by reference in their entirety.

27. By its conduct, Defendants have discriminated against Plaintiff on the basis of her sex, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her sex; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

28. As the direct, foreseeable, and intended result of Defendants' unlawful discrimination, Cote has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

29. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Cote's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Cote to discriminatory terms and conditions of employment because of her gender, and creating and tolerating a hostile work environment;

b.) retaliating against Cote for asserting his rights to be free from discrimination based on gender;

c.) constructively terminating Cote.

30. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or constructively terminated her.

31. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**AS TO ALL DEFENDANTS**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRUCTIVE TERMINATION**
**AND RETALIATION BASED ON GENDER**

**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

32. Paragraphs 1-25 above are herein incorporated by reference in their entirety.

33. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

34. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

35. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Cote's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

36. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

37. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**AS TO ALL DEFENDANTS**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRUCTIVE TERMINATION**
**AND RETALIATION BASED ON GENDER**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000, ET SEQ.**

38. Paragraphs 1-25 above are herein incorporated by reference in their entirety.

39. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

40. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

h.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

41. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Cote's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

42. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

43. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Ann M. Cote
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)